## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

In re

**BARRON D PARKS** and
**LINDA RUTH PARKS**,

                    Debtors.

Case No.  **11-60050-13**

## MEMORANDUM of DECISION

At Butte in said District this 22nd day of June, 2011.

In this Chapter 13 bankruptcy, after due notice, the Court conducted a hearing on April 12, 2011, in Billings on confirmation of Debtors' First Amended Chapter 13 Plan filed February 28, 2011, and the objection thereto filed by Chapter 13 Trustee on the ground Debtors' Plan fails to meet the disposable income requirement appearing at 11 U.S.C. § 1325(b)(1).[1]  Debtor Barron D. Parks ("Parks") appeared and testified at the hearing represented by attorney Craig D. Martinson of Billings, Montana.  The Standing Chapter 13 Trustee, Robert G. Drummond of Great Falls, Montana, appeared at the hearing in opposition to confirmation of Debtors' First Amended Chapter 13 Plan.  Debtors' Exhibits A and B were admitted into evidence at the hearing without objection and, with the consent of the Trustee, the Court left the record open for Debtors to file Exhibits C and D.  At the conclusion of the hearing the Court granted the parties time to file simultaneous briefs, after which the matter would be deemed submitted and taken under advisement.

---

[1]  The Trustee raised two other objections that have been cured and thus, those objections are not longer at issue and are not addressed in this Memorandum of Decision.

1

Debtors and the Trustee have filed their post-hearing briefs and the matter is ready for decision.  For the reasons set forth below the Trustee's "disposable income" objection to confirmation is sustained and confirmation of Debtors' First Amended Chapter 13 Plan is denied because of Debtors' voluntary contributions to their 401(k) plans, but the Debtors will be granted a final opportunity to file a confirmable Chapter 13 plan.

This Court has jurisdiction in this Chapter 13 case under 28 U.S.C. § 1334(a). Confirmation of Debtors' First Amended Chapter 13 Plan is a core proceeding under 28 U.S.C. § 157(b)(2)(L).  This Memorandum of Decision includes the Court's findings of fact and conclusions of law.

## FACTS

As Debtors correctly observe, the facts in this case are straight forward and not in dispute. Each of the Debtors is a wage earner.  Parks has worked for HDR Engineer, Inc. for over five years.  During that period of time, Parks had made 401(k) contributions.  Parks' 401(k) contribution was $90.72 for the pay period ending April 30, 2010, and subsequently increased to $113.40 for the pay period ending February 4, 2011.

Parks' co-debtor, Linda Parks ("Linda"), has worked for Ortho Montana PSC for over three years.  Linda has contributed to her employer's 401(k) program for approximately two years.  Linda's payroll stubs reflect that Linda contributed the sum of $39.38 to her 401(k) in the pay period ending April 10, 2010, and contributed the sum of $36.87 for the pay period ending February 2, 2011.

Parks and Linda are each on a 26 week pay schedule.  At the time Debtors filed their bankruptcy petition, Parks' average monthly contribution to his 401(k) for the previous six

2

months was $234.36.  Linda's average monthly contribution for the same period was $84.47.

The Trustee does not dispute that Parks and Linda's 401(k) plans are qualified plans as described

in 11 U.S.C. § 541(b)(7).

## APPLICABLE LAW

It is well established law in this Circuit that for a bankruptcy court to confirm a plan,

"each of the requirements of section 1325 must be present and the debtor has the burden of

proving that each element has been met."  *In re Barnes*, 32 F.3d 405, 407 (9th Cir. 1994); *In re*

*Andrews*, 49 F.3d 1404, 1408 (9th Cir. 1995); *In re McSparran*, 410 B.R. 664, 668 (Bankr. D.

Mont. 2009); *In re Tuss*, 360 B.R. 684, 690 (Bankr. D. Mont. 2007); *In re Tranmer*, 355 B.R.

234, 241 (Bankr. D. Mont. 2006).  Section 1325(a)(1) requires confirmation of a plan if "the plan

complies with the provisions of this chapter and with the other applicable provisions of this

title."  Therefore, the Debtor has the burden of proof on all elements of confirmation.  *Meyer v.*

*Hill (In re Hill)*, 268 B.R. 548, 552 (9th Cir. BAP 2001).

The Trustee's objection to confirmation is based on the "disposable income" test under §

1325(b)(1)(B) which provides:

> (b)(1) If the trustee . . . objects to the confirmation of the plan, then the court may
> not approve the plan unless, as of the effective date of the plan –
>
> \* \* \* \*
>
> (B) the plan provides that all of the debtor's projected disposable income to be
> received in the applicable commitment period beginning on the date that the first
> payment is due under the plan will be applied to make payments to unsecured
> creditors under the plan.

*McSparran*, 410 B.R. at 668; *Tuss*, 360 B.R. at 690; *Tranmer*, 355 B.R. at 241.  The Ninth

Circuit explained:  "If a trustee or holder of an allowed unsecured claim objects to the

confirmation of a plan that does not propose to pay unsecured claims in full, the court may confirm the plan only if the plan provides that all of the debtor's 'projected disposable income' received during the 'applicable commitment period' is applied to make payments under the plan. 11 U.S.C. § 1325(b)(1)."   *Maney v. Kagenveama (In re Kagenveama)*, 541 F.3d 868, 872 (9th Cir. 2008).

 "Disposable income," as defined at § 1325(b)(2), was significantly changed by the Bankruptcy Abuse Prevention and Consumer Protection  Act of 2005 (Pub. L. 109-8) ("BAPCPA").  *Kagenveama*, 541 F.3d at 873 n.2.  Section 1325(b)(2) now provides, in pertinent part:

> For purposes of this subsection, "disposable income" means current monthly income received by the debtor (other than child support payments, foster care payments, or disability payments for a dependent child made in accordance with applicable nonbankruptcy law to the extent reasonably necessary to be expended for such child) less amounts reasonably necessary to be expended —
>
> > (A)(I) for the maintenance or support of the debtor or a dependent of the debtor, or for a domestic support obligation, that first becomes payable after the date the petition is filed; and
> >
> > (ii) for charitable contributions (that meet the definition of "Charitable contribution" under section 548(d)(3) to a qualified religious or charitable entity or organization (as defined in section 548(d)(4)) in an amount not to exceed 15 percent of gross income of the debtor for the year in which the contributions are made; and
> >
> > (B) if the debtor is engaged in business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business.

*McSparran*, 410 B.R. at 668; *Tuss*, 360 B.R. at 691; *Tranmer*, 355 B.R. at 241-42.

 Section 1325(b)(3) states plainly:  "Amounts reasonably necessary to be expended under paragraph (2) *shall* be determined in accordance with subparagraphs (A) and (B) of section

4

707(b)(2), if the debtor has current monthly income [above median] ....” (Emphasis added). In

*McSparran* this Court wrote:

> This Court’s decision, *In re Kaufman*, 2008 WL 3878005, *4 (Bankr. D. Mont.
> 2008) cited *Kagenveama* for the proposition that, for above median income
> debtors, reasonably necessary expenses are calculated using the “Means Test” of §
> 707(b)(2)(A) and (B). This Court in addition has adopted the analysis from *In re
> Austin*, 372 B.R. 668, 680-83 (Bankr. D. Vt 2007), that where a debtor is current
> on a secured obligation that is provided for in Form 22C, the Court refrains from
> determining whether the expense is reasonable.

410 B.R. at 671.

On the issue of disposable income, this Court previously held in *In re Prigge*, 441 B.R.

667, 676–77 (Bankr. D.Mont. 2010), that Congress expressly excluded from disposable income

all amounts necessary to repay a loan from the debtor's retirement plan, and placed that exclusion

within the confines of chapter 13 itself. However, the Court also concluded in *Prigge* that

Congress did not adopt a similar exclusion for voluntary postpetition contributions to 401(k) and

other retirement plans. At this time, Debtors urge the Court to reexamine its holding in *Prigge*

“in light of an argument that apparently was not presented to this Court at that time[,]” namely,

that under 11 U.S.C. § 541(b)(7), Debtors’ voluntary contributions to their 401(k) plans do not

constitute disposable income.

In *Prigge*, 441 B.R. at 677, this Court addressed § 541(b)(7) in footnote 5, writing:

> Section 541(b)(7) “broadly excludes from ‘property of the estate’ funds
> ‘withheld by an employer from the wages of employees’ as contributions to
> specified types of employee-benefit plans, deferred compensation plans and tax-
> deferred annuity plans. It seems intended to protect amounts withheld by
> employers from employees that are in the employer’s hands at the time of filing
> bankruptcy, prior to remission of the funds to the plan.” 5 Collier on
> Bankruptcy, ¶ 541.22C[1] (15th ed. rev.). This subparagraph further provides
> that such amounts do “not constitute disposable income, as defined in section
> 1325(b)(2).” 11 U.S.C. § 541(b)(7).

5

Section 541 defines what constitutes property of the estate as of the petition date and consistent with *Prigge*, this Court still adheres to the conclusion that § 541(b)(7) only applies to retirement plan contributions withheld by employers from employees that are in the employer's hands as of a debtor's petition date. In a recent decision, the United States Bankruptcy Court for the Northern District of California tackled the issue presented here and specifically examined this Court's holding in *Prigge* and the decision in *In re Johnson*, 346 B.R. 256, 263 (Bankr. S.D.Ga. 2006), which decision Debtors urge this Court to follow. *In re McCullers*, 2011 WL 2358568 (Bankr. N.D.Cal. 2011). The court in *McCullers* was not persuaded by the holding in *Johnson*, finding this Court's ruling in *Prigge* more persuasive:

> [C]lose analysis of the language of the statute suggests that Congress actually intended the much more limited effect recognized in *Prigge*. First, neither the statute itself nor the [*Burden v. Seafort (In re Seafort)*, 437 B.R. 204 (6th Cir.BAP2010)] decision offers any mechanism by which the fixed amount withheld as of the petition date is converted into a monthly rate of contribution that the debtor may continue postpetition. Second, and more important, *Seafort* does not take into account the use of the words "except that" at the beginning of the statutory language excluding retirement contributions from disposable income. Section 541(b)(7) provides that certain contributions to qualified plans are excluded from property of the estate, and concludes with the language at issue here: " except that such amount under this paragraph shall not constitute disposable income ..." (emphasis added). Use of the term "except that" suggests that the purpose of the language is merely to counteract any suggestion that the exclusion of such contributions from property of the estate constitutes postpetition income to the debtor. If Congress had intended to exclude prepetition contributions from the calculation of disposable income more generally, it would have been much more natural for Congress to provide that such contributions are excluded from property of the estate "and" in the calculation of disposable income. *Prigge's* more limited interpretation is reinforced by the fact that Congress used much more direct language in excluding retirement loan repayments from disposable income. Section 1322(f) was placed within the confines of chapter 13 itself, and states explicitly "any amounts required to repay such loan shall not constitute 'disposable income' under section 1325."
>
> Congress's use of the words "except that" is entirely consistent with the

6

*Prigge* decision, which held that the purpose of the statute was merely to clarify that the exclusion of certain prepetition contributions from property of the estate did not give rise to disposable income to the debtor. *Prigge*, 441 B.R. at 677 n. 5. This court is mindful of its obligation to adopt an interpretation that accords some effect to the statutory language in question, and that *Prigge* gives that language a very limited effect, because it is unlikely even without the language in question that excluding sums earned by the debtor prepetition from property of the estate would ever be construed as creating postpetition disposable income to debtor. *Prigge's* limited reading is entirely appropriate, however, because the statutory language itself discloses very modest aims. In using the words "except that," Congress suggests that its only purpose was to negate any inference that the exclusion of such contributions from property of the estate gives rise to income to the debtor.

*McCullers*, *3.

For the reasons stated above, this Court declines to reconsider its prior ruling in *Prigge*.

Accordingly, the Court will enter a separate order providing as follows:

IT IS ORDERED that the Trustee's objection to confirmation of Debtors' First Amended Chapter 13 Plan is sustained; confirmation of Debtors' First Amended Chapter 13 Plan filed February 28, 2011, is denied; Debtors shall have through **July 6, 2011**, to file a further amended Chapter 13 plan including all voluntary contributions to their 401(k) plans in their plan payments or this case will be dismissed without further notice or hearing; and a hearing on confirmation of Debtors' further amended Chapter 13 plan shall be held **Thursday, July 14, 2011, at 09:00 a.m.**, or as soon thereafter as the parties can be heard, in the 5TH FLOOR COURTROOM, FEDERAL BUILDING, 316 NORTH 26TH, BILLINGS, MONTANA.

BY THE COURT

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana

7

8